SANDERS v. PECK et al.

(Circuit Court, N. D. Illinois. July 11, 1896.)

EQUITY JURISDICTION—SALE OF BONDS—ESTOPPEL—PRINCIPAL AND AGENT.
Equity will not interfere with a sale of bonds on the ground that the person selling them was not authorized to do so by the owner, where it appears that the purchaser did not know of such want of authority or of the real ownership of the bonds, and that the owner had so conducted himself that the purchaser supposed he had no interest in the bonds.

Suit by Joshua C. Sanders against Ferdinand W. Peck and one Corbin.

W. A. Foster, for complainant.
Page & Booth, for defendants.

GROSSCUP, District Judge (orally). The bill, answer, and evidence in this case present to the court a complicated series of facts which it will be unnecessary to narrate. The facts, in the end, all bear upon the inquiry whether the complainant authorized the defendant Corbin to sell the bonds in dispute to Page & Booth, as attorneys for Peck. If Page & Booth had, before the making of the contract between them and Corbin, notice of all that transpired between the complainant and Corbin, the testimony would leave me in doubt as to what I should do; in other words, there are many circumstances in this record that indicate that Corbin had no such authority as he claims, and there are many other circumstances, notably the letters of September 2d, from Corbin to Sanders, and the reply thereto of September 6, 1890, which indicate that the pending negotiations between Corbin and Page & Booth were at that time known to the complainant. The testimony, however, does satisfy me that, prior to the filing of the bill in this case, Page & Booth had no knowledge of complainant's interest in a portion of the bonds, and that prior to the letter of Sanders to them of September 18, 1890, they had no knowledge of the complainant's interest in the other bonds. The complainant so conducted himself that Page & Booth very naturally supposed that

77 F.—23

he had no interest in these securities, but that the same were held by the parties in whose names they stood, and who appeared before the courts in the then-pending litigation as the true owners thereof. It is perfectly manifest that there was no conspiracy upon the part of Page & Booth, or the Pecks, to obtain the ownership of these bonds against complainant's wish or interest. Their contract for purchase was based—First, upon their own interest in their acquirement; and, secondly, upon a bona fide belief that they were dealing with the representative of the true owners of the bonds, and that such representative had authority to act; and this belief is attributable to the conduct of complainant himself. Under such circumstances, it would be inequitable to allow the complainant to shift his position, respecting these bonds, to the injury of the purchasers (and it must be inferred that any failure to carry out the contract would be an injury to them), unless the court is clear that he did not knowingly contribute to the information or belief upon which the purchasers acted. Upon that proposition I am not clear. If the inquiry were whether authority had been given or not, the inclination of my belief would be that it had been so given; but affected, as this belief is, by the situation and equities of the purchasers, my conclusion is no longer an inclination, but strong conviction, that the complainant ought not to prevail. . The decree, therefore, will be in favor of the defendants.